UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PABEL AHMED (A-Number: 226-000-636),<br><br>            Petitioner,<br><br>    v.<br><br>KRISTI NOEM, et al.,<br><br>            Respondents. | Case No.  1:26-cv-01276-DC-JDP (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 1, 8) |

Petitioner, an immigration detainee, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 18, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days.  ECF No. 8.  Respondents filed objections on March 25, 2026.  ECF No. 9.  In their objections, Respondents merely state that they object "[f]or the reasons set forth in Respondents' Answer to Petition for Writ of Habeas Corpus," and they "submit on the previously filed pleadings."  *Id.*  However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases.  Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or

1

conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations filed on March 18, 2026 (ECF No. 8) are ADOPTED;

2.  The petition for writ of habeas corpus, (ECF No. 1), is GRANTED;

3.  Respondents are ordered to immediately release Petitioner Pabel Ahmed (A-Number: 226-000-636) from their custody.  Respondents shall not impose any additional restriction on him unless it is determined to be necessary at a future pre-deprivation/ custody hearing.  If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before an immigration judge at which the government shall bear the burden of justifying Petitioner's detention by clear and convincing evidence;

4.  This order does not address the circumstances in which respondents may detain petitioner in the event Petitioner becomes subject to an executable final order of removal and

Petitioner receives notice of that final order of removal.

5. The Clerk of the Court is ordered to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated:    **March 30, 2026**

_____

Dena Coggins
United States District Judge

3